```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

     UNITED STATES OF AMERICA

          -versus-                              07 CR.322(RMB


     JOHANDY COLON

----------------------------------------x
```

SENTENCING MEMORANDUM

```
                                   Submitted by:

                                   MICHAEL SCHWED
                                   Attorneyfor Defendant
                                   125-10 Queens Blvd.
                                   Kew Gardens,N.Y.11415
```

STATEMENT OF FACTS

The defendant is charged with one count under Section 922(g)(1) of Title 18 of the United States Code. It was alleged by the Government that the defendant, having previously been convicted of a Felony in New York State Supreme Court, was in possession of a firearm on September 20, 2006 in the County of the Bronx, State of New York which comprises the Southern District of New York.

The defendant waived indictment and entered a plea of Guilty before Magistrate Kevin N. Fox on May 21, 2007. The defendant admitted to Judge Fox that on the date of the crime, the defendant had visited a bar in the Bronx with a friend. He further stated that his friend told him that he had recently come into possession of a handgun and the defendant had asked if he could see it. Upon leaving the bar and returning to his friend's vehicle, his friend told him that the gun was in the glove compartment and told him he could view it. The defendant then removed the gun from the glove compartment. Upon doing same, a police vehicle drove up alongside the car the defendant was in and the officers observed the defendant looking at the gun. The defendant, the defendant's friend and his friend's girlfriend were then all arrested and charged with possession of the gun, charges being filed in Bronx County Criminal Court.

Subsequently the defendant's case was transferred to the Jurisdiction of the Federal Court while the cases against his friend and the friend's girlfriend were dismissed.

As counsel for the defendant I immediately contacted the United States Attorney's office to advise same of my client's desire to plead Guilty to the charge. This was done after conferring with the defendant and at his request.

## PLEA NEGOTIATION

Although no formal plea agreement has been executed, after discussions with Assistant United States Attorney John T. Zach, Mr. Zach has submitted a "Pimentel" letter to the court suggesting that the applicable guidelines level should be "Level 17" which would impose a sentence ranging between 37 and 46 months.

The calculation, by the government, assumes a criminal history level of IV, which the defense does not dispute. It also assumes a reduction of 3 points in the offense level crediting 2 points pursuant to U.S.S.G. Section 3E 1.1(a) and one point pursuant to Section 1(b), namely, the defendant's acceptance of responsibility for his conduct and timely notification of his intent to plead Guilty. This the defendant has clearly done as evidenced by the government's acceptance of his plea and the timely entrance thereof.

## FURTHER DOWNWARD ADJUSTMENT

Although the sentencing guidelines are advisory they are of considerable weight in determining an appropriate sentence. Counsel for the defendant believes that a further reduction under the guidelines is warranted pursuant to Sections U.S.S.G. 3B 1.2(a) and (b). These sections apply to

situations wherein the defendant is <u>not</u> the sole participant and his role in the offense can be described as either minor or minimal.

In the instant matter, the defendant was arrested and charged with two other individuals.  The defendant's plea allocution stated in pertinent part that the gun belonged to his friend, Peter Gonzalez, and that he removed it from the glove compartment to take a look at it.  The Assistant U.S. Attorney, Mr. Zach confirmed that the government's evidence indicated that the defendant was looking at the gun when observed by the Police.  Furthermore, Mr. Zach has advised me that the defendant stated to the Police at the time of his arrest that the gun did not belong to him.

Clearly the defendant possessed the gun.  However, his possession was for a short duration of time with no intent to permanently control the weapon, nor did he possess it with any intent to use it in an unlawful manner.  The gun belonged to his friend, and the defendant's intent was to examine it and then return it to the glove compartment.

The defendant is nevertheless guilty under the United States Code provision that he pled guilty to, however, his participation in possessing the weapon was minimal.  Counsel therefore believes that a guidelines reduction of four levels to a level 13 would be appropriate.  That would reduce the advisory sentence guideline to 24-30 months.

DEFENDANT BACKGROUND

The defendant was born in the Dominican Republic and came to the United States with his family in 1986, which consisted of his parents and two sisters. His father is a tailor and his mother is a caterer. His sisters are gainfully employed, one as a paralegal, and the other as an English teacher.

The defendant himself worked as a manager of a shoe store (Make 10 Shoes) from approximately 1993 to 2000. In 2000 he became a night dispatcher at a law firm (Cramer and Levin) where he worked most of 2000. From 2001 to 2006 he worked at the MATIA Grocery Store in East New York.

The defendant married Debbie Colon, and their union produced one child, Johandy Colon, Jr., now 11 years old. The defendant separated from his wife and was in a relationship with Glendaliz Rivera prior to his incarceration. That relationship produced one child, Geanni Colon, who is now 1 year old. Ms. Rivera was a former New York City Police Officer, and resigned voluntarily from the police department after the defendant's arrest in this matter.

The defendant is presently serving a sentence of 4-8 years imposed by the New York County Supreme Court based upon a conviction on February 3, 2005. The defendant also advises me that there is an order of deportation pending before the U.S. Immigration and Naturalization Service, and the defendant will be deported upon completion of his sentence.

The defendant became involved in the use of cocaine at around the year 2000. His drug addiction has resulted in a heavy cost to both himself and his loved ones. He clearly recognizes that as a result of his actions he will be forced to leave this country and will probably not be allowed to return in the future. This will substantially reduce his ability to see his children after his prison sentence is completed.

He has often expressed to counsel his love for this country and his desire that his children grow up to be valued citizens of the United States. He has also expressed his deep regret for the pain he has caused Glenda Rivera, mother of his infant daughter, for being the cause of her shortened career with the New York City Police Department. He also recognizes that as a result of his actions he may not be able to maintain a relationship with her, although she has consistently been supportive of him.

He understands he has lost all the things he holds most dear, and fully appreciates that his actions are the cause of all that has befallen him.

His incarceration since September 2006 has resulted in the removal of the drugs that have brought him to this point in his life. He truly hopes that the future will allow him to direct his life in a manner that will bring happiness to those he has hurt, and to become an asset to whatever community he returns to.

ATTACHMENT

A letter from the defendant's companion, namely, Glendaliz Rivera, is annexed hereto.

SENTENCE REQUEST

Counsel for the defendant requests that the court give consideration to imposing a sentence of 24 months incarceration, and further that the court order the sentence to run concurrently with the sentence he is now serving, namely 4-8 years by order of New York County Supreme Court.

Dated:   July 5, 2007
         Kew Gardens, New York

Courtesy Copies To:
         Hon. Richard M. Berman
         U.S. District Judge

         Assistant U.S. Attorney
         John T. Zach

                                    Respectfully Submitted By:

                                    MICHAEL SCHWED
                                    Attorney for the Defendant
                                    JOHANDY COLON

To Whom It May Concern:

    My name is Glendaliz Rivera. I am writing in reference to Johandy Colon. I have known Johandy for ten years. We met in 1997 at a shoe store call Make 10 which was located in Manhattan 680 Broadway. Johandy was the manager of the shoe store and I handled the register. Everyone loved Johandy's charisma and personality. He was a wonderful and intelligent manager. His customer skills were outstanding. He knew how to handle people's questions. He worked there several years and then went to work in a law firm call Kramer & Levin as a dispatcher for a year.

    Throughout the years Johandy and I have kept in contact. He would call my mother during the holidays to see how my family was doing. In 2003 Johandy and I got into a relationship. He was working at his uncle's grocery store call Matias. He was a hardworking man who worked long hours. In 2004 I left my job as an Internal/External investigator at Bloomingdales to join the New York City Police Department. I was ecstatic that I joined New York's finest. He knew that it was my dream and goal. I completed my Bachelor of Science in Legal studies from John Jay College and always wanted to have a job in the criminal justice system. Johandy motivated me to never give up when I was in the academy. The physical activities were strenuous but all I kept thinking about was Johandy telling me to never give up. He was my strength and I did not want to let him down.

    Both Johandy and I worked long hours at our jobs. We would see each other on our days of. In 2005 I became pregnant. Johandy was thrilled because he already had one son who was ten years old from a previous relationship. Johandy made sure that he would see his son every weekend. He gave his son his allowance and bought him everything that he needed. He was an excellent father to his son so I knew that he would be an even greater father to our child. When our daughter arrived into the world on July 27, 2006 Johandy was thrilled. He was overwhelmed with love and the look on his eyes when he first saw the baby was priceless. He did not want to leave her side. He was amazed and would call her his little princess. She meant the world to him. He would go to work and call me everyday to see how the baby was doing.

    On September 20, 2006 I received a call from Johandy that he was arrested. I was devastated. The tears roll down my face and I felt helpless and alone. I felt sadness for our two month old. I prayed that everything would be okay because Johandy is a wonderful man. Many questions came into my head. I asked why was this happening? Is everything going to be okay? Would my baby be fine? Reality set in and I was in denial. Johandy was going to prison and my life ended. All I kept thinking about was my daughter. Will she ever know her dad? These questions taunted me.

    In my visits with Johandy and the numerous letters that he has written to me, he has expressed all his sorrows and pain. He has cried to me and expresses how sorry he is. It is sad to see a grown man cry. I feel his pain and sadness. I feel that I am incarcerated with him. His main concern is for his daughter. She does not even know him. He had express to me that he is missing his daughter's first words, steps, and everything else. Not a day goes by that he does not think of his baby and I. I know that he is truly sorry. I feel his pain 24/7. Johandy has expressed to me that he wishes that he could turn back

the hands of time. He regrets getting into that situation. Reality has sunk in his head and it is a painful journey that we are all going through. Johandy has a lot of respect for the law because he loves me. Johandy is devastated and wants to apologize to the courts for everything. I know that he is deeply sorry. He wants to be part of his baby's life. He told me that he sleeps with her picture. I also put a picture of Johandy inside my baby's crib. Johandy tries to be strong but I see right through him. His major concern is his daughter. I tell him that this is a life experience and that this situation would make us stronger. After he is release we hope to establish our family. I just hope that my daughter is still small enough to not understand what really happened. I feel bad for his son because he is eleven and is getting older and wiser. He needs his father because life is getting harder and harder for teenagers. Johandy knows that both his children need him as a strong father figure. It is painful to see the man that I love and cherish who is good to everyone have tears in his eyes when I go visit him. He keeps reiterating how sorry he is to me. He wishes that he could help me. Everyday is a painful process missing out in his children's life. I know that he is sorry and I hope that everything will be okay. I know that Johandy has to pay the price to society I just hope that his daughter will be able to see him read her a story before she goes to bed. I just hope that justice will be done .

Sincerely,

*Glendaliz R*

Glendaliz Rivera