

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

July 19, 2007

**BY HAND**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> **Re:   United States v. Johandy Colon,**
> **07 CR 327 (RMB)**

Dear Judge Berman:

Sentencing in this matter is currently scheduled for July 26, 2007.  The Government respectfully submits this letter in response to the defendant's July 5, 2007, sentencing submission ("Defendant's Submission"), in which the defendant requests a sentence below the Guidelines range of 30 to 37 months as calculated and recommended by the United States Probation Department ("Probation") in its Presentence Investigation Report (the "PSR") dated July 18, 2007.  For reasons stated below, a Guidelines sentence would be reasonable and appropriate in this case, and therefore the defendant's request should be denied.

## BACKGROUND

On May 21, 2007, the defendant pled guilty to the single count of the above-referenced information, which charged him with being a felon in possession of a firearm. Specifically, the information charged that, subsequent to a conviction on February 21, 2001, for attempted criminal possession of a controlled substance, 3rd degree, Mr. Colon was in possession of a loaded 9 mm Luger High Point firearm, which previously had been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).  (PSR ¶ 1-3).

## DISCUSSION

In this case, the defendant argues that he should be entitled to a downward departure as either a minor or minimal participant in the charged crime.  In addition, the defendant requests that the Court impose a non-Guidelines sentence based on the sentencing factors which Courts must consider in Section 3553(a) of Title 18, United States Code.  The defendant's arguments should be rejected, as discussed below, and the Court should follow the

Probation Office's Guidelines calculation and sentence the defendant within the applicable
Guidelines range of 30 to 37 months' imprisonment.

**A.    The Court Should Strongly Consider the Guidelines Recommendation in this
Case.**

Although United States v. Booker, 543 U.S. 220 (2005), held that the Guidelines
are no longer mandatory, it held also that the Guidelines remain in place and that district courts
must "consult" the Guidelines and "take them into account" when sentencing.  Id. at 264.  The
Second Circuit has "emphasized that Booker did not signal a return to wholly discretionary
sentencing."  United States v. Rattoballi, 452 F.3d 127, 132 (2d Cir. 2006); see United States v.
Crosby, 397 F.3d 103, 113 (2d Cir. 2005) ("[I]t would be a mistake to think that, after
Booker/Fanfan, district judges may return to the sentencing regime that existed before 1987 and
exercise unfettered discretion to select any sentence within the applicable statutory maximum
and minimum.").

The Second Circuit has commented on the considerable weight that the
Guidelines warrant, relative to the other factors under Section 3553(a).  "[T]he guidelines cannot
be called just another factor in the statutory list, 18 U.S.C. § 3553(a), because they are the only
integration of the multiple factors and, with important exceptions, their calculations were based
upon the actual sentences of many judges."  Rattoballi, 452 F.3d at 133 (quoting United States v.
Jimenez-Beltre, 440 F.3d 514, 518 (1st Cir. 2006) (en banc)) (citations and internal quotations
omitted).  The Court noted that "the Sentencing Commission is an expert agency whose statutory
charge mirrors the § 3553(a) factors that the district courts are required to consider."  Id.

Indeed, the Supreme Court's recent decision in United States v. Rita, No. 06-
5754, 2007 WL 1772146 (June 21, 2007), only underscores the importance of the Guidelines in
determining an appropriate sentence.  In that decision, the Supreme Court found that on appellate
review, a sentence imposed within a properly calculated Guidelines range may be presumed to
be a reasonable sentence.  Id. at *3.  The Court noted that such a presumption was non-binding,
and did not run the risk of "lead[ing] appeals courts to grant greater factfinding leeway to an
expert agency [i.e., the Sentencing Commission] than to a district judge."  Id. at *6.  Rather, as
the Supreme Court observed, the presumption reflects the fact that, by the time an appeals court
is considering a within-Guidelines sentence on review, both the sentencing judge and the
Sentencing Commission will have reached the same conclusion as to the proper sentence in the
particular case."  Id. (emphasis in original).  Moreover, "[t]he Guidelines as written reflect the
fact that the Sentencing Commission examined tens or thousands of sentences and worked with
the help of many others in the law enforcement community over a long period of time in an
effort to fulfill th[e] statutory mandate" of Section 3553(a), and therefore, "it is fair to assume
that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might
achieve § 3553(a)'s objectives."  Id. at *8.  Accordingly, "[a]n individual judge who imposes a
sentence within the range recommended by the Guidelines thus makes a decision that is fully
consistent with the Commission's judgment in general."  Id.

The Second Circuit in Rattoballi has also cautioned that "on appellate review, [it]

––

will view as inherently suspect a non-Guidelines sentence that rests primarily upon factors that are not unique or personal to a particular defendant, but instead reflect attributes common to all defendants. Disparate sentences prompted the passage of the Sentencing Reform Act and remain its principal concern." Rattoballi, 452 F.3d at 133-34. Indeed, the Court has stated that the Guidelines should serve as "a benchmark or a point of reference or departure," and that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." United States v. Fernandez, 443 F.3d 19, 27-28 (2d Cir. 2006) (citations omitted). Indeed, the Second Circuit affirmed these principles in United States v. Castillo, 460 F.3d 337 (2d Cir. 2006), where it held that a district court may not impose a below-the-Guidelines sentence based on the district court's policy disagreement with the Guidelines' sentencing ratio for cocaine powder and crack cocaine. Castillo, 460 F.3d at 355 ("Nothing in Booker specifically authorizes district judges to rewrite different Guidelines with which they generally disagree, which is effectively what district judges do when they calculate a sentence with a 20:1 or 10:1 ratio instead of the 100:1 ratio in the drug sentencing table.").

Here, the Court should strongly consider the Guidelines range of 30 to 37 months in imposing sentence.

**B.      The Defendant Is Not Entitled to Reduction In the Offense Level Because He Was a Minimal or Minor Participant in the Charged Crime.**

In the Defendant's Submission, Mr. Colon argues that he is entitled to a 4-point (or at least a 2-point) reduction under Guidelines 3B1.2(a) and (b) because he was a minimal or minor participant in the charged offense. (Def. Sub. at 4). That is not correct.

The Sentencing Guidelines provide that a defendant's base offense level may be reduced by two levels if the defendant was a "minor" participant. See Guideline 3B1.2(b). The commentary defines a "minor participant" as a defendant "who is less culpable than most other participants." Guideline 3B1.2(b) & comment. (n. 4-5). In fact, an adjustment under Section 3B1.2 is appropriate only when a defendant is "*substantially* less culpable than the average participant." Guideline 3B1.2, comment. (n.3(A)) (emphasis added).

A defendant has the burden of proving by a preponderance of the evidence that he is entitled to a mitigating role adjustment under Section 3B1.2 of the Guidelines. See United States v. Yu, 285 F.3d 192, 200 (2d Cir. 2002); United States v. Castaño, 234 F.3d 111, 113 (2d Cir. 2000); United States v. Colon, 220 F.3d 48, 51 (2d Cir. 2000). Moreover, a district judge's analysis of the defendant's role in criminal activity is "'highly fact-specific and depends upon the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise.'" United States v. Carpenter, 252 F.3d 230, 234 (2d Cir. 2001) (quoting United States v. Shonubi, 998 F.2d 84, 90 (2d Cir. 1993)).

___

The Second Circuit has repeatedly emphasized that a mitigating role reduction "'will not be available simply because the defendant played a lesser role than his co-conspirators; to be eligible for a reduction, the defendant's conduct must be 'minor' or 'minimal' as compared to the average participant in such a crime.'" United States v. Carpenter, 252 F.3d at 235 (quoting United States v. Rahman, 189 F.3d 88, 159 (2d Cir. 1999)); accord, e.g., United States v. Jeffers, 329 F.3d 94, 103 (2d Cir. 2003).

As an initial matter, this adjustment is not applicable to the charged offense. As the Comments to § 3B1.2 make clear, the "guideline is not applicable unless more than one participant was involved in the offense." Guideline 3B1.2 & comment. (n.2). This is not a multi-defendant criminal enterprise or conspiracy case. Rather, the charged offense is possession of a firearm by a convicted felon. That offense is, by definition, necessarily limited to an single defendant because an element of the offense relates to the defendant's status, namely, whether he or she was convicted of a felony prior to possessing the firearm. There cannot, therefore, be any other participants to the crime and Guideline 3B1.2 in inapplicable.

In any event, even if it were applicable, as a factual matter, the defendant cannot prove by the preponderance of the evidence that he was substantially less culpable than his "friend" in possessing the firearm. Indeed, by the defendant's own admission, they both possessed the firearm. Moreover, the defendant's "friend" was not a convicted felon and is, therefore, with regard to the charged offense, "less culpable". In fact, Mr. Colon was the only person in the car that could have committed the charged offense.

The defendant's request for a minimal or minor role adjustment should therefore be rejected.

### C.    The Serious Nature and Circumstances of the Offense in this Case Merit a Sentence Within the Guidelines Range

There is no disputing that the charged offense is a serious one. Congress has made clear its decision to keep firearms and ammunition out of the hands of convicted felons because of, among other things, the risk of violence that stems from felons being armed with such weapons. Indeed, in this case, when the defendant was arrested, he behaved in a way that increased the likelihood of violence. In an attempt to evade law enforcement officials, the defendant hastily shoved a loaded firearm under the passenger seat of the Mercedes. (PSR ¶ 8). The defendant also appeared to be intoxicated and his efforts to evade law enforcement agents risked accidental discharge of the firearm in a car with several passengers. (PSR ¶ 9). The defendant then struggled with the police officers until he was forcibly restrained. (PSR ¶ 9). It is clear that the offense was serious and that the circumstances surrounding the arrest posed real danger to the law enforcement officers. Accordingly, a Guidelines sentence is warranted in this case.

__

**D.** **The Nature and Circumstances of the Defendant Do Not Merit a Downward Departure from the Guidelines Range**

Likewise, Mr. Colon's extensive criminal history and use of illegal narcotics support the reasonableness of a Guidelines sentence in this case. As the PSR makes clear, Mr. Colon has two serious narcotics convictions. In 2001, he was found to have 1,016 vials of crack and $3,505 in cash on his person. (PSR ¶ 31). Then, in 2004, Mr. Colon was found with 57 bags of cocaine, 13 ecstasy pills, and 7 bags of marijuana. Moreover, he also was in possession of a loaded 9mm semi-automatic pistol and an additional 15 rounds of ammunition in the car. On that charge, the defendant jumped bail and was not located until he was arrested on the instant offense. (PSR ¶ 35). In addition, Mr. Colon was convicted of possessing a weapon in 1996. (PSR ¶ 28).

Given that lengthy criminal history, it is clear that Mr. Colon is precisely the type of person that should be nowhere near a firearm. His criminal history makes it clear that he has spent much of life trading in narcotics and being around dangerous weapons. On the night of his arrest in this case, he was intoxicated and once again in possession of a weapon. Indeed, he created a volatile situation when he refused to comply with the officer's instructions and fought with her as he was removed from the car. Accordingly, the Court should impose a sentence within the Guidelines range of 30 to 37 months.

## CONCLUSION

For all the foregoing reasons, the Government respectfully requests that the Court impose a prison sentence within the 30 to 37 month range provided for by the Guidelines.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney

By:    _____/s_____
John Zach
Assistant United States Attorney
Telephone: (212) 637-2410

cc:    Michael J. Schwed, Esq. (via facsimile)

__